# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 17, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159413

LOREN KROLL, by RONALD KROLL and
SUSAN KROLL, Legal Guardians,
            Plaintiffs-Appellants,

v

DELORES DEMORROW and MONTAGUE
AREA PUBLIC SCHOOLS,
            Defendants-Appellees.

SC: 159413
COA: 341895
Muskegon CC: 16-006224-NI

_____/

On order of the Court, the application for leave to appeal the February 26, 2019 judgment of the Court of Appeals is considered.

The issue before us is whether the plaintiffs, Loren Kroll's legal guardians, presented a genuine issue of material fact as to whether Delores DeMorrow's alleged failure to activate the bus's caution lights was a cause in fact of Loren's injuries. When reviewing a motion for summary disposition under MCR 2.116(C)(10), the evidence must be viewed in the light most favorable to the nonmoving party. *Odom v Wayne Co*, 482 Mich 459, 466-467 (2008). Summary disposition is appropriate only if there is no genuine issue regarding any material fact and the moving party is therefore entitled to judgment as a matter of law. *Id*. at 467. Factual causation requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. *Ray v Swager*, 501 Mich 52, 63 (2017).

Viewed in the light most favorable to the plaintiffs, there was sufficient evidence to bar summary disposition on the factual-cause element of the plaintiffs' negligence claim. The driver of the truck that struck Loren testified that it was his habit to slow to a stop when he saw a bus's caution lights activated. He further testified that had the bus's caution lights been on in this case, he would have stopped. The Court of Appeals erred when it found that this testimony was mere speculation and that it was not proven that DeMorrow's alleged failure to activate the caution lights was a factual cause of Loren's injuries. The truck driver's testimony created a genuine issue of material fact as to whether the accident would have occurred but for DeMorrow's failure to turn on the lights because the truck driver would have slowed to a stop before he hit Loren.

2

Relying at least in part on its erroneous factual-cause analysis, the panel then concluded that "DeMorrow's failure to activate the caution lights cannot be the proximate cause of the accident." *Kroll v DeMorrow*, unpublished per curiam opinion of the Court of Appeals, issued February 26, 2019 (Docket No. 341895), p 3. Therefore, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals as to cause-in-fact, VACATE the judgment of the Court of Appeals as to proximate cause, and REMAND this case to that court for further proceedings not inconsistent with this order.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 17, 2020



Clerk

b0114